UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN M. DEANE,

Plaintiff,

v. CAUSE NO.: 3:19-CV-153-PPS-MGG

WEXFORD MEDICAL SERVICES, *et al.*,

Defendants.

OPINION AND ORDER

Stephen M. Deane, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Deane alleges that he has suffered a reoccurring wound on his left foot since May 2015. From May 2015 to April 2017, Deane was under the medical care of Dr. Joseph Thompson. Dr. Thompson treated the wound with only insoles and

antibiotics. He did not take X-rays or provide crutches and did not provide sufficient bandages or medical passes.

Since April 2017, Deane has been under the care of Dr. Nancy Marthakis, but she has examined Deane's foot on only two occasions and provided insufficient bandages. In November 2018, Dr. Marthakis ordered X-rays and diagnosed the injury as a tailor's bunion but said that "we don't fix bunions." ECF 4 at 6. On February 25, 2019, Dr. Marthakis told Deane that his request for an outside consultation was denied by Wexford Medical Services until other measures were attempted, including periodic debridement, continued use of crutches, and a transfer to a different dorm. When Deane attempted to refuse the periodic debride, Dr. Marthakis forced him to accept or reject the treatment plan as a whole. When he refused to accept the entire treatment plan, she confiscated his crutches. Dr. Marthakis also discontinued his enrollment in the chronic care clinic for wound care and refused to consider other diagnoses, such as chronic osteomyelitis. For his claims, Deane seeks money damages and an injunction to treat the cause of the reoccurring wound instead of the symptoms.

Deane asserts a claim of deliberate indifference to serious medical needs against Dr. Thompson and Dr. Marthakis for failing to diagnose and provide adequate treatment for the reoccurring wound on his left foot. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*,

511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation omitted). The complaint states a plausible Eighth Amendment claim of deliberate indifference against Dr. Thompson and Dr. Marthakis.

Deane also seeks injunctive relief in connection with his medical claims. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Specifically, the "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* (quotation omitted). Therefore, injunctive relief, if granted, will be limited to requiring the defendants to provide medical treatment as required by the Eighth Amendment. Ron Neal, as the warden of the Indiana State Prison, has both the authority and the responsibility to ensure that Deane receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Deane may proceed on an injunctive relief claim against Ron Neal in his official capacity.

Deane also asserts a claim against Corizon Medical Services and Wexford Medical Services. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation omitted). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* (quotation omitted) A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law and express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (quotation omitted). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Because Deane does not allege that a policy or custom was the moving force behind his inadequate medical treatment, he does not state a claim against Corizon Medical Services or Wexford Medical Services.

Deane also asserts a claim for damages against Warden Ron Neal because he is responsible for ensuring that inmates receive adequate medical care and because he denied Deane's grievance appeals. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). As a result, Deane cannot proceed against Ron Neal on a claim for damages based solely on the fact that he is responsible for the facility. Moreover, "the alleged mishandling of [a prisoner's]

4

grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Deane does not assert a valid claim for money damages against Warden Ron Neal.

For these reasons, the court:

(1) GRANTS Stephen M. Deane leave to proceed on an Eighth Amendment claim against Joseph Thompson and Nancy Marthakis for acting with deliberate indifference to a serious medical need by failing to diagnose and provide adequate treatment for the reoccurring wound on his left foot;

(2) GRANTS Stephen M. Deane leave to proceed on a claim for injunctive relief against Ron Neal in his official capacity to receive the medical treatment to which he is entitled under the Eighth Amendment;

(3) DISMISSES Corizon Medical Services and Wexford Medical Services;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ron Neal, Joseph Thompson, and Nancy Marthakis, at the Indiana Department of Correction with a copy of this order and the complaint (ECF 4) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ron Neal, Joseph Thompson, and Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Stephen M. Deane, has been granted leave to proceed in this screening order.

ENTERED: March 20, 2019.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT