UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN M. DEANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00153-PPS-MGG |
| | ) | |
| WEXFORD MEDICAL SERVICES, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR INJUNCTION

NOW COMES the Defendant NANCY MARTHAKIS, M.D., by her attorney DOUGLASS R. BITNER of KATZ KORIN CUNNINGHAM PC, and for her response and objection to the Plaintiff's Motion for Injunction [D/N 194], states as follows:

1.  On March 25, 2021, the Plaintiff, Stephen M. Deane, filed with this Court a Motion for an Injunction.  [D/N 194].  In this motion, the Plaintiff requests an order from this Court directing Dr. Marthakis to provide a pumice stone, additional supplies for management of his foot wound, alternative shoes, and other unspecified treatment.  [D/N 194].

2.  The Plaintiff's Motion for Injunction should be denied for a number of reasons.

3.  A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008) ("a preliminary injunction is an exercise of a very far-reaching power, never to be indulged except in a case clearly demanding it"). A preliminary injunction minimizes the hardship to the parties and to preserve the status quo pending a more considered decision on the merits when possible.

*Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988); *LektroVend Corp. v. Vendo Co.,* 660 F.2d 255, 24 (7th Cir. 1981). To receive preliminary injunctive relief, a plaintiff must demonstrate: (1) a reasonable likelihood of success on the merits; (2) the inadequacy of a remedy at law; (3) the existence of irreparable harm if the injunction is not issued; (4) the threat of harm to the plaintiff outweighs the threatened harm to the defendant if the injunction were issued; and (5) granting a preliminary injunction will not disserve the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir. 1990); *Girl Scouts*, 549 F.3d at 1086. Plaintiff must satisfy each element to prevail. *Somerset House*, 900 F.2d at 1015. The considerations are interdependent in that the greater the likelihood of success on the merits, the less net harm the injunction must present for preliminary relief to be granted. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

4.      The Court's power to grant preliminary injunctive relief is further limited by Section 3626(a)(2) of the Prison Litigation Reform Act (PLRA) (18 U.S.C. §3626(a)(2); *Westefer v. Snyder*, 689 F.3d 679, 683 (7th Cir. 2012). That Section of the PLRA provides as following: (2) Preliminary injunctive relief. – In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety, or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its

entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.  To obtain preliminary injunctive relief, Plaintiff must show a likelihood of proving an objectively serious risk of harm and a culpable mental state by Defendants. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Since Plaintiff has sued medical professionals, this will require him to prove their treatment decisions were such a substantial departure from accepted professional judgment, practice, or standards, that they constituted a "complete abandonment of medical judgment." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

5.   First and foremost, the Plaintiff's Motion for Injunction is not supported by any admissible or relevant evidence.  The Plaintiff's motion is not verified.  There are no declarations or affidavits, nor any medical records to support any of the allegations made by the Plaintiff in his motion.

6.   Second, the Plaintiff has not established that he requires preliminary injunctive relief.  He has not established that he currently suffers from any serious or significant medical need or is currently at risk of any irreparable harm.  In essence, the Plaintiff asks for maintenance intervention, but no specific treatment designed to address a serious or significant abnormality.  He admits that he does not currently have a wound.

7.   Moreover, the Plaintiff fails to establish that he requires intervention immediately.  As he mentions in his motion, the Plaintiff is currently set for trial in September.  He indicates that he does not currently have an active wound.

8.   Moreover, the Plaintiff's unsupported statements in his motion, in the absence of any evidence, would be unlikely to establish any basis for success on the merits.

9.   After receiving the Plaintiff's motion, undersigned counsel reached out to Sherry Fritter, the Indiana State Prison Health Services Administrator.  Ms. Fritter has been informed and has indicated that she will investigate the Plaintiff's allegations.  As such, the administrator of the facility has agreed to look into these allegations, thereby negating any need for an injunctive order. Moreover, undersigned counsel was informed that Plaintiff has already been ordered an alternative pair of shoes, which will be provided to Plaintiff soon.

10.   Also, many of the Plaintiff's requests are vague in nature.  Plaintiff's motion fails to identify a specifically narrowly tailored request that could be ordered by this Court that complies with the requirements of the Prison Litigation Reform Act.

11.   Based on the Plaintiff's complaints, staff at the facility are aware of his requests, will be investigating his requests, shoes have been ordered, and the Plaintiff has failed to provide any evidence that would establish a basis for injunctive relief.  Therefore, the Plaintiff's motion must be denied.

WHEREFORE, the Defendant, Nancy Marthakis, M.D., respectfully request this Court deny the Plaintiff's Motion for Injunction.

Respectfully submitted,

KATZ KORIN CUNNINGHAM PC

*/s/ Douglass R. Bitner*
Douglass R. Bitner, Attorney No. 34981-49
Rachel D. Johnson, Attorney No. 30591-49
**KATZ KORIN CUNNINGHAM PC**
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204

Office (317) 464-1100
Direct (317) 396-2565
Fax (317) 464-1111
Email:  dbitner@kkclegal.com
Email:  rjohnson@kkclegal.com
*Counsel for Defendant Nancy Marthakis, M.D.*

## CERTIFICATE OF SERVICE

I certify that on **April 7, 2021**, a copy of the foregoing ***Defendants' Response to Plaintiff's Motion for Injunction*** was filed electronically using the Court's electronic filing system (CM/ECF).   Notice of this filing was electronically served via CM/ECF upon the following person(s):

Margo L. Tucker
Mollie A. Slinker
**OFFICE OF THE INDIANA ATTORNEY GENERAL**
margo.tucker@atg.in.gov
mollie.slinker@atg.in.gov

I certify a copy of the foregoing was sent via U.S. First Class Mail to the following person(s):

Stephen M. Deane (IDOC# 995424)
**INDIANA STATE PRISON**
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360
***PRO SE***

/s/ Douglass R. Bitner
Douglass R. Bitner